# EXHIBIT "A"

# EXHIBIT "A"

# DISTRICT COURT CIVIL COVER SHEET

A-17-752706-C

_____ County, Nevada

Case No. _____
*(Assigned by Clerk's Office)*

XVIII

## I. Party Information *(provide both home and mailing addresses if different)*

**Plaintiff(s)** (name/address/phone):
TIMOTHY LOW

**Defendant(s)** (name/address/phone):
JASPAL SINGH and
GOLDEN EXPRESS, LLC

**Attorney** (name/address/phone):
BRADLEY J. MYERS, ESQ.
THE702FIRM
400 S. 7TH ST., #400, LAS VEGAS, NV 89101
(702) 776-3333

**Attorney** (name/address/phone):

## II. Nature of Controversy *(please select the one most applicable filing type below)*

**Civil Case Filing Types**

| Real Property | Torts | |
|---|---|---|
| **Landlord/Tenant** | **Negligence** | **Other Torts** |
| ☐ Unlawful Detainer | ☒ Auto | ☐ Product Liability |
| ☐ Other Landlord/Tenant | ☐ Premises Liability | ☐ Intentional Misconduct |
| **Title to Property** | ☐ Other Negligence | ☐ Employment Tort |
| ☐ Judicial Foreclosure | **Malpractice** | ☐ Insurance Tort |
| ☐ Other Title to Property | ☐ Medical/Dental | ☐ Other Tort |
| **Other Real Property** | ☐ Legal | |
| ☐ Condemnation/Eminent Domain | ☐ Accounting | |
| ☐ Other Real Property | ☐ Other Malpractice | |

| Probate | Construction Defect & Contract | Judicial Review/Appeal |
|---|---|---|
| **Probate** *(select case type and estate value)* | **Construction Defect** | **Judicial Review** |
| ☐ Summary Administration | ☐ Chapter 40 | ☐ Foreclosure Mediation Case |
| ☐ General Administration | ☐ Other Construction Defect | ☐ Petition to Seal Records |
| ☐ Special Administration | **Contract Case** | ☐ Mental Competency |
| ☐ Set Aside | ☐ Uniform Commercial Code | **Nevada State Agency Appeal** |
| ☐ Trust/Conservatorship | ☐ Building and Construction | ☐ Department of Motor Vehicle |
| ☐ Other Probate | ☐ Insurance Carrier | ☐ Worker's Compensation |
| **Estate Value** | ☐ Commercial Instrument | ☐ Other Nevada State Agency |
| ☐ Over $200,000 | ☐ Collection of Accounts | **Appeal Other** |
| ☐ Between $100,000 and $200,000 | ☐ Employment Contract | ☐ Appeal from Lower Court |
| ☐ Under $100,000 or Unknown | ☐ Other Contract | ☐ Other Judicial Review/Appeal |
| ☐ Under $2,500 | | |

| Civil Writ | | Other Civil Filing |
|---|---|---|
| **Civil Writ** | | **Other Civil Filing** |
| ☐ Writ of Habeas Corpus | ☐ Writ of Prohibition | ☐ Compromise of Minor's Claim |
| ☐ Writ of Mandamus | ☐ Other Civil Writ | ☐ Foreign Judgment |
| ☐ Writ of Quo Warrant | | ☐ Other Civil Matters |

*Business Court filings should be filed using the Business Court civil coversheet.*

5-17-17
Date

_____
Signature of initiating party or representative

*See other side for family-related case filings.*

Nevada AOC - Research Statistics Unit
Pursuant to NRS 3.275

Form PA 201
Rev 3.1

```
 1  COMJD
    BRADLEY J. MYERS, ESQ.
 2  Nevada Bar No. 8857
    MICHAEL C. KANE, ESQ.
 3  Nevada Bar No. 10096
    MARK A. ROUSE, ESQ.
 4  Nevada Bar No. 12273
 5  THE702FIRM
    400 South 7th Street, #400
 6  Las Vegas, Nevada 89101
 7  Telephone:   (702) 776-3333
    Facsimile:   (702) 505-9787
 8  E-Mail:      mike@the702firm.com
                 brad@the702firm.com
 9               mark@the702firm.com
10  and
    ADAM S. KUTNER, ESQ.
11  Nevada Bar No. 4310
    ADAM S. KUTNER, P.C.
12  1137 South Rancho Drive, Suite 150-A
    Las Vegas, Nevada 89102
13  Telephone:   (702) 382-0000
14  Attorneys for Plaintiff
```

## DISTRICT COURT
## CLARK COUNTY, NEVADA

| | |
|---|---|
| TIMOTHY LOW, | Case No.: A-17-752706-C |
|    Plaintiff, | Dept. No.: XVIII |
| vs. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| JASPAL SINGH, individually; GOLDEN EXPRESS LLC, a Washington Limited Liability Company; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive, | |
|    Defendants. | |

Plaintiff, TIMOTHY LOW, by and through his attorneys of record, ADAM S. KUTNER, ESQ., of ADAM S. KUTNER, P.C., and MICHAEL C. KANE, ESQ., BRADLEY J. MYERS, ESQ., and MARK A. ROUSE, ESQ., of THE702FIRM, and for his Complaint against the Defendants, and each of them, states, asserts and alleges as follows:

## GENERAL ALLEGATIONS

1. Plaintiff, TIMOTHY LOW ("LOW"), is and was, at all times relevant to these proceedings, a resident of the County of Clark, State of Nevada.

2. Upon information and belief, Defendant JASPAL SINGH ("SINGH"), is and was, at all times relevant to these proceedings, a resident of King County, State of Washington.

3. Upon information and belief Defendant GOLDEN EXPRESS LLC ("GOLDEN EXPRESS"), is and was, at all times relevant to these proceedings, a Washington limited liability company, authorized to and conducting business in the State of Nevada, including but not limited to Clark County and Nye County.

4. The true names and capacities of Defendants named herein as DOES I through X, and ROE BUSINESS ENTITIES I through X, whether individual, corporate, associate, or otherwise, are presently unknown to Plaintiff, who, therefore, sues said defendants so designated herein is responsible in some manner for the events and occurrences referred to herein alleged, and Plaintiffs will request leave of Court to amend this Complaint to insert the true names and capacities of ROE CORPORATIONS I through X and DOES I through X, when the same have been ascertained and to join such defendants in this action.

5. On or about October 19, 2015, the Plaintiff and Defendant SINGH were involved in a motor vehicle collision.

6. Specifically, on that date, Plaintiff was driving a 2013 Buick Verano southbound on U.S. Interstate 95, and was stopped in traffic north of mile marker Nye 57 in Nye County, Nevada.

7. At the same time and place, Defendant SINGH was driving a 2012 Freightliner Tractor Trailer southbound on U.S. Interstate 95, immediately behind Plaintiff's vehicle.

8. Defendant SINGH failed to slow down as he was approaching Plaintiff's stopped vehicle.

9. In an effort to avoid the accident, Plaintiff veered left onto northbound U.S. Interstate 95, however, Defendant SINGH still hit Plaintiff's vehicle.

10. The above described impact caused serious injuries to Plaintiff.

11. Upon information and belief, Defendant SINGH is an employee of Defendant GOLDEN EXPRESS and was acting in the course and scope of his employment at the time of this motor vehicle collision.

12. At all times relevant, the incident occurred in Nye County, Nevada.

## FIRST CLAIM FOR RELIEF

### (Negligence)

13. Plaintiff repeats and realleges the allegations above, as though fully set forth herein.

14. On or about October 19, 2015, Defendant SINGH had a duty to operate his vehicle in a careful and prudent manner.

15. Defendant SINGH breached this duty when he operated his vehicle in a negligent, careless and reckless manner and caused a collision with Plaintiff's vehicle, thereby causing damages and injuries to Plaintiff.

16. Defendant SINGH had a duty to operate his vehicle in accordance with the traffic laws of the State of Nevada.

17. Defendant SINGH, in operating a vehicle on October 19, 2015, violated one or more of the following Nevada Revised Statutes, including, but not limited to, NRS 484B.603, which provides, *inter alia*, the duty of a driver to use due care; and NRS 484B.127 which provides, *inter alia*, that it is the duty of a driver to not follow another vehicle more closely than is reasonable and prudent.

18. That Plaintiff is the type of person intended to be protected by said statute(s), and that the injuries he suffered were the type to be protected against.

19. As a direct and proximate result of the aforementioned, Plaintiff sustained injuries to his neck, back, bodily limbs, organs, and systems all or some of which conditions may be permanent and disabling in nature, all to his general damages in a sum in excess of $15,000.00.

20. As a direct and proximate result of the aforementioned, Plaintiff was required to and did receive medical and other treatment for his injuries received in an expense all to his damages in a sum in excess of $15,000.00. Said services, care, and treatment are continuing and shall continue in the future, at a presently unascertainable amount, and Plaintiff will amend his Complaint accordingly when the same shall be ascertained.

21. Prior to the injuries complained of herein, Plaintiff was able bodied readily and gainfully employed and physically capable of engaging in all other activities for which he was otherwise suited.

22. Due to his injuries as set forth herein, Plaintiff has sustained past wage loss and will continue to suffer wage loss in the future, in an amount to be determined at the time of trial.

23. Due to his injuries as set forth herein, Plaintiff has sustained pain, suffering, loss of enjoyment of life, past, present and future in an amount in excess of $15,000.00.

24. As a further direct and proximate result of the negligence of Defendants, Plaintiff sustained damage to his vehicle, as well as loss of use, all of which he is entitled to recover from Defendants.

25. Plaintiff has been compelled to retain the services of an attorney to prosecute this action and is, therefore, entitled to reasonable attorney's fees and costs incurred herein.

///
///
///
///

## SECOND CLAIM FOR RELIEF

### (Negligent Entrustment)

26. Plaintiff repeats and realleges the allegations above, as though fully set forth herein.

27. That Defendant GOLDEN EXPRESS willingly entrusted its vehicle to Defendant SINGH.

28. That Defendant GOLDEN EXPRESS either knew or should have known that such entrustment to Defendant SINGH was negligent.

29. Defendant SINGH subsequently failed to drive safely and obey traffic devices.

30. Defendant GOLDEN EXPRESS owed Plaintiff a duty of ordinary care to entrust the use and possession of its motor vehicle to a careful driver.

31. Defendant GOLDEN EXPRESS subsequently breached the duty of ordinary care by negligently entrusting the use and possession of its automobile to Defendant SINGH.

32. As a direct and proximate result of the aforementioned, Plaintiff sustained injuries to his neck, back, bodily limbs, organs, and systems all or some of which conditions may be permanent and disabling in nature, all to his general damage in a sum in excess of $15,000.

33. As a direct and proximate result of the aforementioned, Plaintiff was required to and did receive medical and other treatment for his injuries received in an expense all to his damage in a sum in excess of $15,000. Said services, care, and treatment are continuing and shall continue in the future, at a presently unascertainable amount, and Plaintiff will amend his Complaint accordingly when the same shall be ascertained.

34. Prior to the injuries complained of herein, Plaintiff was able bodied readily and physically capable of engaging in all other activities for which he was otherwise suited.

35. Due to his injuries as set forth herein, Plaintiff has sustained past wage loss and will continue to suffer wage loss in the future, in an amount to be determined at the time of trial.

36. Due to his injuries as set forth herein, Plaintiff has sustained pain, suffering, loss of enjoyment of life, past, present and future in an amount in excess of $15,000.00.

37. As a further direct and proximate result of the negligence of Defendants, Plaintiff sustained damage to his vehicle, as well as loss of use, all of which he is entitled to recover from Defendants.

38. Plaintiff has been compelled to retain the services of an attorney to prosecute this action and is, therefore, entitled to reasonable attorney's fees and costs incurred herein.

### THIRD CLAIM FOR RELIEF

(Respondeat Superior)

39. Plaintiff repeats and realleges the allegations above, as though fully set forth herein.

40. At all times relevant herein, Defendant SINGH and employees named as DOES and ROE ENTITIES herein, and each of them, were employees and/or agents of Defendant GOLDEN EXPRESS and were acting within the scope of their employment.

41. Accordingly, Defendants, and each of them, are vicariously liable for the damages caused by their employees' actions and negligence, further encompassing the actions of those hired by Defendants to maintain the premises.

42. As a direct and proximate result of the aforementioned, Plaintiff sustained injuries to his neck, back, bodily limbs, organs, and systems all or some of which conditions may be permanent and disabling in nature, all to his general damage in a sum in excess of $15,000.

43. As a direct and proximate result of the aforementioned, Plaintiff was required to and did receive medical and other treatment for his injuries received in an expense all to his damage in a sum in excess of $15,000. Said services, care, and treatment are continuing and shall continue in the future, at a presently unascertainable amount, and Plaintiff will amend his Complaint accordingly when the same shall be ascertained.

44. Prior to the injuries complained of herein, Plaintiff was able bodied readily and physically capable of engaging in all other activities for which he was otherwise suited.

45. Due to his injuries as set forth herein, Plaintiff has sustained past wage loss and will continue to suffer wage loss in the future, in an amount to be determined at the time of trial.

46. Due to his injuries as set forth herein, Plaintiff has sustained pain, suffering, loss of enjoyment of life, past, present and future in an amount in excess of $15,000.00.

47. As a further direct and proximate result of the negligence of Defendants, Plaintiff sustained damage to his vehicle, as well as loss of use, all of which he is entitled to recover from Defendants.

48. Plaintiff has been compelled to retain the services of an attorney to prosecute this action and is, therefore, entitled to reasonable attorney's fees and costs incurred herein.

## FOURTH CLAIM FOR RELIEF

### (Negligent Hiring, Supervision and Retention)

49. Plaintiff repeats and realleges the allegations above, as though fully set forth herein.

50. At all times mentioned herein, Defendant GOLDEN EXPRESS had a duty to hire competent persons, properly train them for tasks they would perform, and supervise them in the performance of those tasks.

51. Defendant GOLDEN EXPRESS breached their duty to properly train, supervise, retain and/or supervise its employees.

52. As a direct and proximate result of the aforementioned, Plaintiff sustained injuries to his neck, back, bodily limbs, organs, and systems all or some of which conditions may be permanent and disabling in nature, all to his general damage in a sum in excess of $15,000.

53. As a direct and proximate result of the aforementioned, Plaintiff was required to and did receive medical and other treatment for his injuries received in an expense all to his

THE702FIRM
ATTORNEYS AT LAW
400 S. 7th St. #400
LAS VEGAS, NEVADA 89101
PHONE: (702) 776-3333

7

damage in a sum in excess of $15,000. Said services, care, and treatment are continuing and shall continue in the future, at a presently unascertainable amount, and Plaintiff will amend his Complaint accordingly when the same shall be ascertained.

54. Prior to the injuries complained of herein, Plaintiff was able bodied readily and physically capable of engaging in all other activities for which he was otherwise suited.

55. Due to his injuries as set forth herein, Plaintiff has sustained past wage loss and will continue to suffer wage loss in the future, in an amount to be determined at the time of trial.

56. Due to his injuries as set forth herein, Plaintiff has sustained pain, suffering, loss of enjoyment of life, past, present and future in an amount in excess of $15,000.00.

57. As a further direct and proximate result of the negligence of Defendants, Plaintiff sustained damage to his vehicle, as well as loss of use, all of which he is entitled to recover from Defendants.

58. Plaintiff has been compelled to retain the services of an attorney to prosecute this action and is, therefore, entitled to reasonable attorney's fees and costs incurred herein.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment on all claims for relief as follows:

1. General damages for Plaintiff's pain, suffering, disfigurement, emotional distress, shock, loss of enjoyment of life, and agony in an amount in excess of $15,000.00.

2. Special damages for Plaintiff's medical expenses and lost wages in an amount excess of $15,000.00.

3. For compensatory damages in an amount in excess of $15,000.00.

4. Costs of suit incurred including reasonable attorneys' fees.

5. Property damage and loss of use.

///

6. For such other relief as the Court deems just and proper.

DATED this 17th day of March, 2017.

                THE702FIRM

                */s/ Bradley J. Myers*
                BRADLEY J. MYERS, ESQ.
                Nevada Bar No. 8857
                MICHAEL C. KANE, ESQ.
                Nevada Bar No. 10096
                MARK A. ROUSE, ESQ.
                Nevada Bar No. 12273
                400 South 7th Street #400
                Las Vegas, Nevada 89101
                *Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, by and through his attorneys of record, MICHAEL C. KANE, ESQ., BRADLEY J. MYERS, ESQ., and MARK A. ROUSE, ESQ., of THE702FIRM, hereby demands a jury trial of all of the issues in the above matter.

DATED this ____ day of March, 2017.

THE702FIRM

BRADLEY J. MYERS, ESQ.
Nevada Bar No. 8857
MICHAEL C. KANE, ESQ.
Nevada Bar No. 10096
MARK A. ROUSE, ESQ.
Nevada Bar No. 12273
400 South 7th Street #400
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*